IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LAVANNA BIRD, | CV 16-31-H-DLC-JTJ |
| Petitioner, | |
| vs. | FINDINGS AND |
| | RECOMMENDATION OF UNITED |
| MONTANA PAROLE BOARD, | STATES MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE | |
| STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Lavanna Bird's application

for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Ms. Bird is a state

prisoner proceeding pro se.

I.      28 U.S.C. § 2254

Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts requires the Court to examine a section 2254 habeas petition. The

Court must dismiss the petition "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court."

Pursuant to Rule 4, the undersigned reviewed Ms. Bird's claims; for the reasons

discussed herein, the petition should be denied.

## A. Background

On February 8, 2013, following Ms. Bird's plea of guilty to Negligent Homicide, the district court in Big Horn County, Montana, sentenced Ms. Bird to twenty years of custody, with five years suspended. Pet. (Doc. 1 at 2-3).[1]

Ms. Bird's parole eligibility date was set for April 5, 2016.[2] Ms. Bird appeared before the State of Montana Board of Pardons and Parole in February 2016; the Board denied her application for parole. The Board directed her to complete the Cognitive Principles and Restructuring Program and to obtain counseling for anger management, chemical dependency, and mental health issues.[3] The Board ordered Ms. Bird to reappear before the Board in 2021. She was informed by the Board that "release at this time would diminish the seriousness of the crime," and she was denied early consideration. *Id.*

Ms. Bird did not seek to challenge her sentence or the decision of the Board in any manner; she did not pursue a direct appeal or sentence review and did not filed a postconviction petition or a state habeas petition. (Doc. 1 at 3-4.) Ms. Bird believed she was barred from pursuing any of these avenues by virtue of her guilty plea. *Id.* at 3, ¶ 13; 4, ¶ 15(A)(5); 5, ¶ 15(B)(5); 6, ¶ 15(C)(5); and 7, ¶ 15(D)(5).

---

[1] Ms. Bird received a net custodial sentence of 15 years. *See* Montana Department of Corrections Correctional Offender Network Search, Offender Information, https://app.mt.gov/conweb/Home/OffenderNumber/3011228 (last visited May 12, 2016).

[2] State of Montana Board of Pardons and Parole Final Board Disposition (February 2016), http://bopp.mt.gov/FinalDispositions/2016FinalDispositions (last visited May 12, 2016).

[3] *Id.*

Ms. Bird filed her federal habeas petition on March 28, 2016.  Pet. at 8 Decl. ¶ C; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

### B. Claims

Ms. Bird asks this Court to review the decision of the Board and find that early release is "appropriate and reasonable."  ( Doc. 1 at 4, ¶ 15(A); 8, ¶ 18.) Despite her limited explanation, it appears that Ms. Bird believes she should not wait five years to appear again before the Board without the possibility of early consideration.

### C. Analysis

Before filing in federal court, a petitioner must exhaust available state judicial remedies with respect to each federal claim.  28 U.S.C. § 2254(b)(1)(A), (c).  The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).  The federal court then defers to the state court's resolution of those claims.  28 U.S.C. § 2254(d).

Ms. Bird did not seek state review of the Board's decision, and she has not presented the claim in her federal petition to the Montana Supreme Court.  It is likely, therefore, that her claim is procedurally defaulted.  But because her claim fails on the merits, a detailed analysis of the procedural bar is unnecessary.  *See* 28

U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curium). The Court construes Ms. Bird's allegation as a denial of procedural due process.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation, an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Id*. (quotation and citation omitted); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself[ . . . or] from an expectation or interest created by state laws or policies.").

It is well established that there is no substantive federal right to release on

4

parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout,* 562 U.S. at 222. With respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998) (holding that when the Montana Legislature amended the statute in 1989, it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a protected liberty interest at issue in this case.

While Ms. Bird disagrees with the Board's decision, she does not claim that she was deprived of anything to which she was entitled. She appeared before the Board and had an opportunity to be heard.[4] Ms. Bird was also informed of the reasons why parole was not deemed appropriate: she was ordered to complete additional programming, and the Board said that early release would diminish the seriousness of the crime Ms. Bird committed. Because Ms. Bird received the minimal procedural protection required, this is the "beginning and the end of federal habeas" analysis. *Swarthout*, 562 U.S. at 220. Accordingly, Ms. Bird's

---

[4] *See* http://bopp.mt.gov/FinalDispositions/2016FinalDispositions (referencing an "A" for "Hearing," indicating Ms. Bird personally appeared before the Board).

petition should be denied.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Review of Ms. Bird's claim demonstrates that she is not entitled to relief as a matter of law. She does not have a liberty interest in parole, and the review she seeks is precluded by *Swarthout*. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATIONS

1.      Ms. Bird's petition (Doc. 1) should be DENIED for lack of merit.

2.      The Clerk of Court should be directed to enter, by separate document,

a judgment of dismissal.

      3.     A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Ms. Bird may object to this Findings and Recommendation within 14 days.[5]

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Ms. Bird must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of this action without notice to him.

DATED this 16th day of May, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[5] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.